OFFICE OF THE PHOENIX CITY ATTORNEY
JULIE M. KRIEGH, CITY ATTORNEY
State Bar No. 021175
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
Telephone (602) 262-6761
law.civil.minute.entries@phoenix.gov

Victoria Torrilhon, State Bar No. 028735
Assistant City Attorney

Attorney for Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Atif Mikal Burke,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Phoenix, City of,<br><br>　　　　Defendants. | NO. CV−23−00223−PHX−SMB--CDB<br><br>**DEFENDANT'S MOTION TO DISMISS**<br><br>(Honorable Judge Susan M Brnovich) |

The City of Phoenix ("City" or "Defendant") moves for dismissal with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). As a threshold matter, the Complaint is barred by Section 1983's two-year statute of limitations for Fourth Amendment violations.[1] Additionally, the Complaint is devoid of facts sufficient to state a claim for relief, even accepting as true all facts asserted and reasonable inferences therefrom. Finally,

---

[1] Under the most generous interpretation of Plaintiff's Complaint, he is attempting to assert a Section 1983 claim for a violation of his Fourth Amendment rights. Plaintiff characterizes his cause of action as "wrongful[] arrest." Complicating the analysis, Plaintiff cites *Sherar v. Cullen*, 481 f.2d 945 (1973) as the legal support for his claim. *Sherar*, however, is an employment case holding that an employer may not require an employee to either submit to an unconstitutional request or lose their livelihood. It has nothing to do with an arrest.

Plaintiff's claim is barred by *Heck v. Humphrey* to the extent he is asserting that his arrest was unlawful on a theory that Phoenix PD lacked probable cause to detain him.

### I.     THE STATUTE OF LIMITATIONS BARS PLAINTIFF'S SUIT.

Affording Plaintiff the most generous interpretation of his Complaint, he is attempting to assert a claim for an unreasonable seizure (i.e., arrest) under the Fourth Amendment, brought under 42 U.S.C. § 1983.  The statute of limitations for a Section 1983 action in Arizona is two years. *See, e.g.*, *Jamali v. Low,* 2015 WL 6125885, at p. 4 (2015).

Plaintiff attached a federal indictment to the Complaint.  Given the lack of facts in the Complaint, the only reasonable inference is that Plaintiff's allegation of "unlawful arrest" relates to his arrest for the March 4, 2020 attempted bank robbery noted in the indictment.  The Court's own records, Case No. 2:20-cr-00495, *United States of America v. Burke*, Doc. 1, demonstrate that Plaintiff was arrested the same day, on March 4, 2020. Plaintiff, however, waited until January 4, 2023, almost three years after his arrest, to file his related Complaint.  [Complaint]  Therefore, Plaintiff's claims against the City of Phoenix are time-barred and must be dismissed with prejudice.[2]

### II.    THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Federal Rule of Civil Procedure 8 mandates that every complaint include sufficient facts to, at a minimum, "give the defendant fair notice of what the . . . claim is

---

[2] If Plaintiff intends to assert that his post-arrest detention in a federal facility is the alleged wrong that serves as the basis of his Complaint, he has named the wrong defendant.  City of Phoenix officers arrested Plaintiff, but he was indicted and convicted by the federal criminal system—not the City.  [*See, e.g.*, Indictment attached to Complaint]  Therefore, Plaintiff cannot sustain a Fourth Amendment wrongful arrest claim for his 18-month detention in a federal facility against the City of Phoenix.

and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). A complaint must contact factual allegations sufficient to "raise a right to relief above the speculative level." *Id.* at 545. The Supreme Court has stated the "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests. *Id*. at 56 n.3. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (cleaned up). The Supreme Court reaffirmed this heightened standard in *Ashcroft v. Iqbal*:

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Although for purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

556 U.S. 662, 678-679 (2009) (cleaned up).

Therefore, to survive a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief "that is plausible on its face." *Id*. at 678. Where the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief" and the court must dismiss the claim. *Id.* at 679 (cleaned up).

**A. Plaintiff fails to state a claim for Section 1983 liability.**

To state a claim for municipal liability under 42 U.S.C. § 1983, a plaintiff must assert facts from which the Court may infer that the alleged unlawful action was the

result of an official policy or custom. *Monell v. Dep't of Soc. Svcs. of City of New York*, 436 U.S. 658, 694 (1978). There can be no Section 1983 municipal liability based on a theory of *respondeat superior*. *Id.* In this case, Plaintiff has alleged no official policy or custom that caused City of Phoenix police officers to "unlawfully arrest[]" him. [Complaint] Therefore, as a matter of law, Plaintiff cannot sustain a Section 1983 action against the City of Phoenix. His suit against the City of Phoenix must be dismissed. *Id.*

### B. The Complaint is devoid of facts from which the Court could infer a Fourth Amendment violation.

The Fourth Amendment only protects against *unreasonable* seizures. Although Plaintiff asserts that he was "unlawfully" arrested, his statement is merely conclusory. Plaintiff provides no facts from which a court could infer that his arrest was unreasonable. Indeed, Plaintiff does not provide any factual allegations regarding the circumstances of his arrest other than those noted in the indictment, making it impossible to infer anything more than "the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Therefore, Plaintiff's Fourth Amendment claim is subject to dismissal.[3]

To the extent that Plaintiff intended to assert a Fourth Amendment claim for excessive force by stating that he was shot with a "stun gun" twice before he was arrested, the arguments above similarly apply to bar his claim. Plaintiff does not make

---

[3] Due to the paucity of information in the Complaint, Defendant has been forced to draw some reasonable inferences regarding Plaintiff's Complaint. For example, Plaintiff cited federal caselaw that references the U.S. Constitution in support of his claims. [Complaint] Therefore, Defendant reasonably inferred that Plaintiff intended to assert a violation of his Fourth Amendment rights. If, however, Plaintiff intended to assert a state tort claim, his lawsuit fails for failure to serve the City with a statutorily required notice of claim pursuant to A.R.S. § 12-821.01 and his failure to comply with the State's one-year statute of limitations. A.R.S. § 12-821. Under either a federal or state analysis, Plaintiff's lawsuit is fatally flawed.

4

any factual allegations about the circumstances leading up to officers' alleged use of a stun gun to take him into custody. In sum, Plaintiff has only raised the "mere possibility" that Phoenix PD officers engaged in misconduct, which is insufficient to survive a motion to dismiss.

### C. Plaintiff's claim for unlawful arrest is barred by *Heck v. Humphrey*.

If, as is most likely, Plaintiff intends to assert a claim that he was unlawfully arrested in violation of the Fourth Amendment, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a Section 1983 claim is barred if a judgment in favor of the plaintiff—in this case a finding of an unlawful arrest—would "necessarily imply the invalidity of his conviction"). Put another way, Plaintiff could only have been unlawfully arrested if officers had no probable cause to arrest him. However, the mere fact that he was convicted and sentenced refutes any suggestion that the arresting officers lacked probable cause. Therefore, is case is barred.

### III.   CONCLUSION

For the foregoing reasons, Defendant City of Phoenix respectfully requests that Plaintiff's Complaint be dismissed with prejudice in its entirety.

RESPECTFULLY SUBMITTED this <u>6th</u> day of February, 2023.

        Office of the Phoenix City Attorney
        Julie M. Kriegh, City Attorney

By  /s/ *Victoria Torrilhon*
    Victoria Torrilhon
    Assistant City Attorney
    200 West Washington, Suite 1300
    Phoenix, Arizona  85003-1611
    Attorneys for Defendant

**CERTIFICATE OF COMPLIANCE WITH LRCiv 12.1(c)**

I, Victoria Torrilhon, counsel for the City, hereby certify that I have attempted to meet and confer with Plaintiff via email prior to filing this motion to dismiss. The City not only outlined the Complaint's deficiencies in writing, but offered Plaintiff time to consider filing an amended complaint. Having heard nothing in response from Plaintiff by January 30, 2023, the City proceeded with its removal and motion.

s/ *Victoria Torrilhon*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2023, I served the attached document by mail, on the following, who is not a registered participant of the CM/ECF System:

Atif Mikal Burke
12830 N. Paradise Valley Pkwy W
Apt 2089
Phoenix, AZ 85032

/s/*Lisa Danczewski*
2361723_1.doc